# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
        v.                   )
                             )    Crim I.D. No. 2109011647
LARRY SAUNDERS,              )
                             )
        Defendant.           )

Date Submitted:  March 19, 2025
Date Decided: June 19, 2025

## MEMORANDUM OPINION

*On Defendant's Motion for Postconviction Relief – DENIED*

*On Counsel's Motion to Withdraw as Counsel – GRANTED*

Dominic Carrera, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, *attorney for the State*

Patrick Collins, Esquire, Wilmington, Delaware, *counsel for Defendant*

Larry Saunders, *pro se*

**BRENNAN, J.**

## I. Factual and Procedural Background

Larry Saunders ("Saunders") was Indicted on November 22, 2021, for various drug, weapon and child endangering charges.[1]  Initially Saunders was represented by appointed counsel who, early on, moved to withdraw citing multiple letters Saunders wrote to the Court requesting permission to represent himself.[2]  The motion was later withdrawn due to competency concerns.[3]  Competency was ultimately determined not to be an issue and proceedings resumed.[4]  During the pendency of the competency evaluation, original counsel ("Counsel") retired, and new counsel was assigned.

Once again, a Motion to Withdraw was filed, citing Saunders' desire to represent himself.[5]  This motion was heard on April 10, 2023, at which time the Court engaged in a thorough colloquy with Saunders, determined he was making a

---

[1] *State v. Larry Saunders*, Crim I.D. No. 2109011647, Docket Item (hereinafter "D.I.") 3.

[2] D.I. 33, see also D.I. 9-24, 26-28, 30-31.  In response to Saunders repetitive filings to the Court, despite the issuance of counsel, prompted the Court on most occasions to forward his *pro se* filings to counsel pursuant to Superior Court Criminal Rule 47 and simply notate the docket.  Some of Saunders' filings, however, were not treated in this manner.   Saunders' filings were so plentiful that they prompted a response from Superior Court's Staff Attorney advising him of the Court's rules and procedures for filings on multiple occasions.  D.I. 25, 42, 48, 58.

[3] D.I. 41.

[4] Saunders was determined to be competent to stand trial after an evaluation by a doctor at Delaware Psychiatric Center.  D.I.  49.  This evaluation was not contested. D.I.  50.

[5] D.I. 54.

knowing and voluntary waiver of his right to counsel and permitted him to proceed *pro se.* As such, the Motion to Withdraw was granted and then-counsel (hereinafter "Standby Counsel") was ordered to "stay on as standby counsel only."[6] Thereafter, Saunders, acting *pro se*, filed a plethora of pretrial motions, including an attempt to remove his criminal prosecution to the United States District Court.[7] All of Saunders' pretrial motions were denied.[8]

Jury selection and trial was scheduled for May 15, 2023.[9] In lieu of trial, Saunders pled guilty to the charges of Possession of a Firearm by a Person Prohibited (hereinafter "PFBPP"), Drug Dealing, and Possession of Ammunition by a Person Prohibited (hereinafter "PABPP"). Before accepting his plea, the Court engaged in a colloquy with Saunders and the following exchange occurred:

> THE COURT: … by entering a plea of guilt to these charges, you are waiving your constitutional right to a trial. [whereupon the Court read the enumerated rights to

---

[6] D.I. 57, 80 (note: this Docket Item number is not in sequential order. On the printout of the docket itself, this notation is in the place where D.I. 56 should be, but reads "80" instead. There is no D.I. 56 on the record.)

[7] D.I. 59 (Affidavit of Truth), 61 (Administrative and Judicial Notice By Special Visitation With Affidavit In Support), 62 (Notice of Removal to the United Stated District Court), 63 (Affidavit in Support of Notice of Default re: Affidavit Challenging Jurisdiction); 65 (oral Motions to Suppress and to Dismiss Invoking Speedy Trial were made at the Pre-Trial Conference). In Saunders' multiple filings throughout the pendency of his case, both while represented and unrepresented, he made numerous jurisdictional challenges which track the filings of a Sovereign Citizen.

[8] D.I. 64, 65; 68.

[9] D.I. 64, 65, 66, 67, 68, 70.

a trial on the Truth In Sentencing Guilty Plea Form.] So do you understand [] those rights?

SAUNDERS: Yes.

…

THE COURT: Do you further understand that one I accept your plea of guilt, it will be virtually impossible to get out of it. The only thing that you would be able to appeal is if I sentenced you illegally. So if I sentenced you to more than 15 years on the first charge, more than 8 years on the drug dealing, or more than 8 years on the possession of ammunition charge; do you understand that?

SAUNDERS: Yes.

THE COURT: … you have been charged by indictment in case ending 1647 with Count 1 possession or control of a firearm by a person prohibited in violation of Title 11, Section 1448 of the Delaware Code…[D]o you understand that charge?

SAUNDERS: Yes, ma'am.

THE COURT: How do you plead to that charge?

SAUNDERS: Guilty.

THE COURT: Are you pleading guilty because you are, in fact, guilty?

SAUNDERS: Yes, ma'am.

THE COURT: Now I am going to turn to Count 4 of the indictment which charges you with drug dealing in violation of Title 16, Section 4754, Subsection A of the Delaware Code…[D]o you understand that charge?

SAUNDERS: Yes, ma'am.

THE COURT:      How do you plead to that charge?

SAUNDERS:       Guilty.

THE COURT:      Are you pleading guilty because you are, in fact, guilty?

SAUNDERS:       Yes.

THE COURT:      Now, you were also pleading guilty to Count 3 of the indictment, possession of ammunition by a person prohibited in violation of Title 11, Section 1448 of the Delaware code…[D]o you understand that charge?

SAUNDERS:       Yes.

THE COURT:      How do you plead to that charge?

SAUNDERS:       Guilty.

THE COURT:      Are you pleading guilty because you are, in fact, guilty?

SAUNDERS:       Yes.

                                    …

THE COURT:      … Mr. Saunders, I do find that the plea that you're entering into is being made knowingly, intelligently, and voluntarily…[Y]ou have been nodding along and you seem to be pretty educated on the questions as I am asking them. So even everything about your demeanor today tells me that you are understanding what you are doing and that you are a willing participant in this.[10]

---

[10] D.I. 78, Plea Trans. pp. 20-31.

Saunders was immediately sentenced in accordance with the terms reached in the plea agreement,[11] which included the joint sentencing recommendation from both parties. Saunders' sentence to fifteen (15) years at Level V, suspended after twelve (12) years, six (6) months[12] for two (2) years Level IV (DOC Discretion), suspended after six (6) months for eighteen (18) months at supervision Level III for PFBPP; eight (8) years at Level V suspended for eighteen (18) months concurrent Level III probation for Drug Dealing; eight (8) years at Level V suspended for eighteen (18) months concurrent Level III probation for Drug Dealing. Saunders was eligible to have been sentenced as a habitual offender pursuant to 11 *Del. C.* § 4214, however the State did not seek sentencing pursuant to that statute per the terms of the plea agreement.[13]

On July 28, 2023, Saunders moved to modify his sentence.[14] The motion was denied on August 3, 2023.[15] An "Amended" Motion for Modification of Sentence was filed on August 9, 2023.[16] That motion was denied on August 23, 2023.[17] Both

---

[11] The only modification made at sentencing was that the LIV time was to be served at DOC discretion as opposed to the designated Work Release on the plea paperwork.
[12] The first ten (10) years of the Level V time is minimum mandatory time pursuant to 11 *Del. C.* § 1448.
[13] D.I. 68.
[14] D.I. 71.
[15] D.I. 72
[16] D.I. 73.
[17] D.I. 74.

motions were denied given that Saunders' voluntary acceptance of the plea agreement requested the very sentence he was given.[18]

On September 18, 2023, Saunders moved for postconviction relief under Superior Court Criminal Rule 61.[19] The State responded in opposition on September 20, 2023.[20] Saunders filed his reply on January 11, 2024.[21] Affidavits from both Standby Counsel (on April 17, 2024)[22] and now-retired original Counsel (on August 20, 2024)[23] were filed in response to the ineffective assistance of counsel claims. Upon consideration of the submissions of the parties, the Court considered Saunders' Motion for Appointment of Counsel.[24] Finding exceptional circumstances existed to permit the appointment of counsel, the motion was granted and Postconviction Counsel was thereafter appointed.[25]

A new briefing schedule was issued[26] and in accordance with that schedule Postconviction Counsel filed a Motion to Withdraw on January 13, 2025.[27] Pursuant to his duties under Rule 61(e)(7), postconviction counsel provided Saunders with a

---

[18] D.I. 72, 74.
[19] D.I. 75, 76.
[20] D.I. 81.
[21] D.I. 82.
[22] D.I. 85.
[23] D.I. 90.
[24] D.I. 88.
[25] D.I. 88, 93
[26] D.I. 95.
[27] D.I. 98.

copy of his Motion to Withdraw and informed him he had thirty (30) days to respond.[28]  Postconviction counsel received Saunders' response and forwarded it to the Court and the State on February 10, 2025; Saunders separately filed his response with the Court.[29]  The State filed its Response on March 19, 2025.[30]  Both Motions are now ripe for decision.

## II. Standard of Review

Before addressing the merits of a postconviction relief motion pursuant to Rule 61, the Court must examine whether any of the Rule's procedural bars apply.[31] An applicable procedural bar precludes a reviewing court from addressing the merits of a Rule 61 claim, to "protect the procedural integrity" of the Court Rules.[32]  A motion for postconviction relief can be procedurally barred as untimely, repetitive, for failing to raise a claim in the proceedings leading to the judgment of conviction, and for being formerly adjudicated.[33]

---

[28] D.I. 97.

[29] D.I. 100, 101.

[30] D.I. 103.  Recognizing that due to the filing of the Motion to Withdraw and the mandated thirty (30) days provided to Saunders to respond, postconviction counsel requested the State have an additional thirty (30) days to respond, as its deadline otherwise would have been February 12, 2025.  D.I. 100.  This request was granted.

[31] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[32] *State v. Page*, 2009 WL 1141738, at *13 (Del. Super. Apr. 28, 2009).

[33] Super. Ct. Crim. R. 61(i)(1)-(4).

If timely and not otherwise barred, the Court will consider the motion's merits. To succeed on a claim of ineffective assistance of counsel, a defendant has the burden to show that counsel's representation at trial fell below "an objective standard of reasonableness" and that there is a "reasonable probability" that, but for counsel's alleged errors, the result of the proceedings would have been different.[34] In the context of a plea, a defendant must show that but for counsel's deficiencies, he would not have pled and insisted on proceeding with trial.[35] A litigant who knowingly and voluntarily waives his right to counsel at the proceedings below, cannot claim ineffective assistance of counsel during the period of self-representation.[36]

## III. Analysis

Superior Court Criminal Rule 61(i)(1) precludes review of a motion for postconviction relief filed more than one year after the judgment of conviction is final.[37] A defendant's conviction is final thirty days after this Court imposes its sentence, or if a direct appeal has been filed, when the Delaware Supreme Court issues a mandate or order on that appeal.[38] Saunders did not file a direct appeal of his conviction and sentence, thus his conviction became final on June 15, 2023;

---

[34] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[35] *Jamison v. State*, 2003 WL 21295908, at *2 (Del. June 3, 2003).
[36] *State v. Lewis*, 2018 WL 2970762, *1-2 (Del. Super. Jun. 8, 2018).
[37] Super. Ct. Crim. R. 61(i)(1).
[38] *Id.* at (1)-(2).

thirty (30) days after his sentence was imposed.[39]  Therefore, this postconviction motion, filed on September 18, 2023, is timely.[40]  As this is Saunders' first postconviction motion, it is likewise not barred as successive pursuant to Rule 61(i)(2).

Saunders raises two grounds for relief in his motion.  His first ground for relief challenges this Court's jurisdiction.  As part of his argument, Saunders alleges that he:

> made numerous challenges to the court's jurisdiction, which should have prompted thorough and meaningful review under *Del. Super. Ct. Crim. R.* 61(a).  The failure to examine these challenges not only disregarded the Movant's statutory rights but also his due process rights under the *U.S. Constitution*, as well as the *Delaware Constitution*, Art. I, §7.[41]

Saunders' second ground for relief argues several challenges to the effectiveness of both original Counsel and Standby Counsel.  Within this second claim, he claims an "autonomy interest violation" largely based on [Standby Counsel's] allegedly ineffective decision not to pursue a jurisdictional challenge.  In so arguing, he alleges "[t]he right [to autonomy] extends beyond the mere appointment of counsel and encompasses the Movant's ability to direct the course of his defense…the refusal of counsel to file motions challenging jurisdiction

---

[39] D.I. 68.
[40] D.I. 75; Super. Ct. Crim. R. 61(m)(1).
[41] D.I. 75 (emphasis in original).

constitutes ineffective assistance under *Strickland v. Washington*, 446 U.S 688."[42]

Saunders also repeatedly contends Standby Counsel failed to communicate with him, which resulted in a "coerced" plea agreement, as well as other allegations of ineffectiveness surrounding the pre-trial motions to withdraw as counsel that were filed.[43]

The bars to relief set forth in Rule 61(i) are not applicable to a claim that the court lacked jurisdiction, nor for claims of ineffective assistance of counsel.[44] Therefore, each of claim will be reviewed on the merits.

## A. Ground One

Saunders first argues this Court lacked jurisdiction over his case and prosecution was thus improper. This is not a novel argument for Saunders, nor should he be surprised that this claim lacks merit. In denying an appeal of one of Saunders' previous convictions, the Supreme Court of Delaware ruled:

> [t]he Department of Justice and the Attorney General of the State of Delaware are vested with legal authority to pursue charges in criminal proceedings occurring within the boundaries of the State. Moreover, the Superior Court has personal and subject matter jurisdiction over all adults indicted on felony charges in the State of Delaware.[45]

---

[42] *Id.*, D.I. 84.

[43] D.I. 76. His motion is not always clear as to which counsel he refers when alleging ineffectiveness.

[44] Super. Ct. Crim. R. 61(i)(5); *See also Cooke v. State*, 2025 WL 16395, *23 (Del. Jan. 2, 2025) ("…as a general matter, the procedural bar of Rule 61(i)(3) does not apply to ineffective assistance of counsel claims.").

[45] *Saunders v. State*, 35 A.3d 419 (TABLE), 2011 WL 6740403 (Del. Dec. 21,

In its 2011 decision, the Supreme Court ruled "[t]here is no merit to Saunders' contention that either the State or the Superior Court lacked jurisdiction to convict him."[46] Nonetheless, Saunders repeatedly challenged this Court's jurisdiction throughout the prosecution of this case, including his failed attempt to remove the case to District Court.[47] The law remains the same as it did in 2011. These claims remain meritless.[48] Further, given that Saunders pled guilty to crimes he committed in the State of Delaware, he submitted to the jurisdiction of the Court.[49]

Saunders' guilty plea also waived his right to challenge any alleged pre-trial deficiencies.[50] Saunders acknowledged this very fact in his colloquy, and even though the Court specifically asked him if his words were truthful during the plea colloquy, his statements are nevertheless presumed to be truthful.[51] Therefore, Saunders has waived any jurisdictional challenges and may not raise them now.

---

2011). Saunders similarly argued on appeal, unsuccessfully, that this Court lacked jurisdiction over his 2011 conviction.

[46] *Id.* at *1.

[47] D.I. 62, 64.

[48] *Thomas v. May*, 2021 WL 3140379, at *1 (Del. Super. July 26, 2021), citing *Matter of Petition of Stroman-Bey*, 2016 WL 4491746, at *1 (Del. Aug. 25, 2016) and *Rodriguez v. State*, 2014 WL 1513282, at *1 (Del. Apr. 16, 2014).

[49] *Smith v. State*, 2004 WL 120530, at *1 (Del. Supr. Jan. 15, 2004).

[50] *Scarborough v. State*, 119 A.3d 43 (TABLE), 2015 WL 4606519, at *3 (Del. Supr. July 30, 2013).

[51] *Sommerville v. State*, 703 A.2d 629, 632 (Del. 1997); *See also* D.I. 68, Plea Trans. p. 14-15

The same is true regarding Saunders' claims regarding the failure to remove this prosecution to federal court – they are meritless but also waived. Again, absent clear and convincing evidence to the contrary, his statements at the plea colloquy acknowledging his guilt and waiver of constitutional rights to trial, are binding on him now.[52] Thus, Saunders is bound by the implications of his guilty plea, including submission to this Court's jurisdiction as opposed to federal court.

**B. Ground Two**

Saunders' second ground for relief raises several ineffective assistance of counsel claims wrapped in one. Saunders claims that his "autonomy interest was violated by ineffective assistance of counsel, forcing him into an unconscionable plea agreement."[53] Saunders' claims are intertwined and not clearly delineated, therefore, they will be addressed in the most sensical way conceivable to the Court.

**Failure to File Jurisdictional Challenges**

Saunders' claims that both his original Counsel and Standby Counsel were ineffective for failing to file motions challenging this Court's jurisdiction. Saunders argues that counsel should have filed motions to pursue his challenges to the Court's jurisdiction to hear his case and their failure to do so – both original Counsel and

---

[52] *Somerville v. State*, at 631-32.
[53] D.I. 76.

Standby Counsel – fell below the standard of reasonableness under *Strickland v. Washington.*

Saunders has not met his burden in showing trial counsel's representations were objective unreasonable, nor does he show a "reasonable probability" that, had counsel challenged this Court's jurisdiction, Saunders would not have entered the plea agreement.[54] "A reasonable probability means a probability sufficient to undermine confidence in the outcome...."[55] "The likelihood of a different result must be substantial[,] not just conceivable."[56] Saunders "must make concrete allegations of actual prejudice and substantiate them[.]"[57] The record simply does not support his argument.

As previously discussed, while self-represented Saunders challenged the Court's jurisdiction and attempted to remove his case to District Court.[58] Those attempts were unsuccessful.[59] The record is devoid evidence showing how challenging jurisdiction through counsel, rather than while self-represented, would have been successful. Even if he could somehow make out such a showing, Saunders fails to articulate how counseled motions would have changed the outcome

---

[54] *Strickland*, 466 U.S. at 687; *Jamison* 2003 WL 21295908, at *2.
[55] *Green v. State*, 238 A.2d 160, 174 (Del. 2020).
[56] *Swan v. State*, 248 A.3d 839, 859 (Del. 2021).
[57] *Dawson v. State*, 673 A.3d 1186, 1196 (Del. 1996).
[58] D.I. 62.
[59] D.I. 65.

of Saunders' decision to enter his guilty plea.  A jurisdictional challenge is without merit and would not have been successful, even had such a motion been filed by either of Saunders' counsel.   Therefore, this claim fails.

**Motion to Withdraw During the Pendency of the Prosecution**

Saunders asserts both Counsel and Standby Counsel were ineffective for their respective motions seeking withdrawal from representation.[60]   Specifically, Saunders alleges:

> the actions, or more accurately the inactions, of Movant's public defenders fall starkly short of the legal profession's expected standard of conduct…The persistent attempts to withdraw from Movant's case and the failure to meaningfully represent him represent a stark departure from the legal standards set forth in *Strickland* and its progeny.[61]

Standby Counsel's Affidavit in response makes clear that:

> Mr. Saunders sent a number of letters to the Court requesting to represent himself.  [Standby Counsel] spoke with Mr. Saunders on May 27, 2022 and confirmed that he wanted to move forward Pro Se. [Standby Counsel] spoke with Mr. Saunders in-depth about his ability to represent himself, what the case would require of him, that [Standby Counsel] had a number of years of experience handling these cases, and was willing to take his case all the way to trial if he wished.  Mr. Saunders was able to ask and answer questions appropriately and expressed that he did not want [Standby Counsel's] services.  Mr. Saunders advised that he was able to handle his own case and wanted to do so.[62]

---

[60] D.I. 28 and 90.
[61] D.I. 76.
[62] D.I. 85 (transposed directly from the original).

Original Counsel, likewise, denies this claim. Counsel provided specifics as to when Saunders requested withdrawal and that he represent himself. Further, Counsel detailed the inquiry made upon Saunders' request.[63] It was Saunders' own desire to proceed *pro se* which drove the initial Motion to Withdraw. The record supports that the motion was filed at Saunders' bequest. Saunders' bare allegation alone falls short of the concrete evidence required in postconviction motions.[64] Saunders has not shown a reasonable probability that the outcome would have been different had counsel not withdrawn. And again, Saunders not only made a knowing and voluntary waiver of his right to counsel, but made a knowing, intelligent and voluntary guilty plea. Given that, he cannot show that had counsel not withdrawn, he would not have pled guilty. This claim is therefore, without merit and fails.

**Failure to Consult**

Finally, Saunders argues Standby Counsel was ineffective for failing to consult and collaborate with him about his case. Saunders submits Standby Counsel's insufficient communication violates Delaware Rules of Professional

---

[63] D.I. 90.

[64] *Purnell v. State*, 106 A.2d 337, 342 (Del. 2014); *See Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003) (explaining entirely conclusory allegations are legally insufficient to prove ineffective assistance of counsel, and movant must assert and substantiate concrete allegations of actual prejudice).

Conduct 1.4(a)(2) and 1.4(b), which he submits "obliges attorneys to consult with their clients about the means to achieve their objectives."[65] While Saunders quoted the Rules, he fails to acknowledge that attorneys do not owe duties to individuals other than their clients. Standby Counsel was just that: an attorney who was appointed to assist, and not represent, Saunders should he need a reference during the proceedings. Saunders elected to proceed *pro se*, and therefore waived his right to have counsel represent him.[66]

The fact that Standby Counsel was not his counsel, and that he was acting as his counsel was specifically addressed at his pre-trial conference and again when he accepted his plea. Saunders acknowledged and represented that he understood this fact.[67] Standby Counsel owed no duty to Saunders, therefore, the cited Rules do not apply. As a result, he cannot sustain his burden to show that Counsel's representation fell below a standard of reasonableness, as Standby Counsel did not represent him. This claim of ineffectiveness is without merit and thus fails. To the extent Saunders is raising this claim for actions during the pendency of their

---

[65] D.I. 76.

[66] *Briscoe v. State*, 606 A.2d 103, 107 (Del. 1992); D.I. 90.

[67] D.I. 66, 68. *See also* Plea Trans. P. 13: THE COURT: So you do have [Standby Counsel] sitting here and who has been assisting you and she has been appointed as standby counsel. But she is not your counsel as we have previously discussed. But I'm going to ask you anyway, have you had the opportunity to discuss any aspects of this plea with [Standby Counsel]? [SAUNDERS]: Yes

respective representation, he has put forth no evidence in support and has failed to meet his burden.

**Voluntariness of Plea**

Saunders challenges the voluntariness of his plea, alleging he "was forced into an unconscionable plea agreement due to his counsel's actions and the court's disregard for his objections."[68] Saunders plea was entered into during a period of self-representation. Saunders cannot make out a claim of ineffective assistance of counsel when he has represented himself.[69] Per the State's response, as well as the representations made at the time of the plea, the record supports that it was Saunders himself who approached the State for a plea on the day of trial.[70]

Once again, Saunders is bound by his own words to the Court when entering his plea, which are "presumed to be truthful," and create "a formidable barrier" now to his arguments to the contrary.[71] Saunders received all required protections during his colloquy.[72] He was specifically asked if anyone had threatened or forced him to enter his plea, to which Saunders responded "[n]o."[73] He was then asked if anyone "promised or guaranteed you to what your sentence will be?" He again replied

[68] D.I. 76.
[69] *State v. Lewis*, 2018 WL 2970762 at *1, 3.
[70] D.I. 103.
[71] *Sommerville*, 703 A.2d at 631-32 (quoting *Blackledge v. Allison* 431 U.S. 63, 74 (1977)).
[72] See Superior Court Crim. R. 11.
[73] D.I. 17.

"[n]o."[74] Saunders' own words evidence the voluntariness of his guilty plea. The record does not support his bare allegation that he was "forced into an unconscionable plea agreement." Saunders plea was voluntary and his second ground for relief is denied as meritless.

As noted above, much of Saunders' claims were intertwined and there was insufficient delineation as to whether he complained of ineffectiveness while represented or while he acted *pro se*, as with this coercion argument. To the extent Saunders sets forth any other claims of ineffectiveness while he was acting *pro se*, these claims fail as meritless, as it was his knowing and voluntary choice to waive counsel.

**Motion to Withdraw**

Appointed Postconviction Counsel moved to withdraw pursuant to Superior Court Criminal Rule 61(e)(7) after having carefully reviewing the entirety of the record and determining that there are no claims of merit which can be raised. The Court has considered Postconviction Counsel's thorough submissions and agrees with the assessment therein, which is consistent with the rulings of the Court. Therefore, the pending Motion to Withdraw is **GRANTED**. The only obligations that befall postconviction counsel now are pursuant to Rule 61(e)(7)(ii).

---

[74] D.I. 78, p. 15-16.

## IV. Conclusion

For the above stated reasons, finding no merit to the claims raised, Saunders' Motion for Postconviction Relief is **DENIED.**  Naturally, postconviction counsel's Motion to Withdraw is **GRANTED.**

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary